# MICHAEL MORIARTY v. WILLIAM ALMICH AND OTHERS.[1]

December 20, 1918.

No. 21,006.

**Malicious prosecution — want of probable cause.**

Defendants preferred charges of arson against the plaintiff to a grand jury, in September, 1914, but no indictment was returned. Thereafter the state fire marshal investigated the origin of the fire and submitted a transcript of the evidence obtained, together with a suggestion that the matter be submitted to the next grand jury, to the county attorney, whereupon the county attorney caused a subpoena to be served upon all witnesses, to be and appear before the grand jury at the September, 1915, term of court, which resulted in the finding of the indictment and prosecution complained of. *Held*, that the defendants did not institute the prosecution before the grand jury that returned the indictment, so as to render them liable, for want of probable cause, in an action for malicious prosecution.

Action in the district court for Le Sueur county to recover $5,000 for malicious prosecution. The case was tried before Tifft, J., who at the close of the testimony granted defendants' motion for a directed verdict. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*W. H. Leeman* and *Thos. Hessian,* for appellant.

*F. C. & H. A. Irwin* and *Francis Cadwell,* for respondents.

QUINN, J.

On September 14, 1913, a barn owned by the defendant Augusta Crosby, and situated upon her farm in Le Sueur county, together with certain personal property belonging to her son, William Crosby, was destroyed by fire. The fire started inside the barn near the manger where the horses stood. On September 24, 1915, the grand jury of the county returned an indictment against Michael J. Moriarty, Louis Kahlow and Louis Malz, charging them with maliciously burning the same. Ac-

[1]Reported in 169 N. W. 798.

cordingly the accused parties were arrested and in March, 1916, tried upon such charge and acquitted. Thereafter this action was brought to recover damages from the defendants for maliciously instituting such criminal prosecution against the plaintiff without probable cause. At the close of the testimony, upon motion of the defendants, the court directed a verdict in their favor. From an order denying his motion for a new trial, the plaintiff appealed.

The real question litigated upon the trial was, whether the defendants instigated the criminal prosecution before the grand jury that returned the indictment, without probable cause.

The record is voluminous, the testimony at times took a pretty wide range, but when sifted out it appears therefrom that the defendants in this action, as well as those in the criminal prosecution, in September, 1913, all resided in the township of Tyrone, in Le Sueur county, within a radius of a little over one mile; that there is a highway known as the St. Paul road which extends north and south in this vicinity; that the barn was about six rods to the east and plaintiff's residence about one mile north therefrom on the same side of this highway; that the defendant William Crosby is a son of the defendant Augusta Crosby, and resided with her upon the premises where the fire occurred; that the defendant Almich is a brother of Mrs. Crosby and resided within about 100 rods of her place, and that the fire occurred at about 9 o'clock Sunday night.

According to the plaintiff's statements he was at home lying upon his bed when his attention was first called to the fire by his daughter Ruth, who was 15 years of age; that at first he thought it was his straw stack, but upon going out to the road discovered that it was the barn; that he then returned into the house; that he saw through the window people going toward the fire; that in about half an hour he, in company with his daughter, went down the road about half way to where the fire was and stood for some time watching it burn; that he was on good terms with Mrs. Crosby, but did not go down to the fire. There was testimony to the effect that Louis Kahlow was a large man wearing a 10 or 11 shoe; that the plaintiff was a much smaller man and wore a 7 or 8 shoe; that about 18 rods northwest of the barn across the road was a strawstack on the edge of a plowed field, where on the morning after

the fire there were men's tracks discovered which in size corresponded with the shoes referred to; that during the night of the fire the plaintiff and Kahlow were seen together in that vicinity.

It is undisputed that on the day following the fire the president of the local fire insurance company requested that the matter of the origin of the fire be referred to the state fire marshal for investigation; that thereafter defendants continued to investigate the cause of the fire, and consulted the assistant attorney general, who informed them that he had advised the county attorney to submit the matter to the grand jury; that a detective was employed who investigated the matter; that the county attorney advised that there was not sufficient evidence to convict, but that defendants might go before the grand jury; that they did so at the September, 1914, term, but no indictment was returned. The defendants continued their inquiry by assisting and consulting the state fire warden's department, until June, 1915, when the state fire marshal prepared a transcript of the testimony taken in regard to the fire and submitted it to the county attorney of Le Sueur county, at the same time advising that the matter be presented to the next grand jury of the county, and informed the defendants accordingly. Thereafter the county attorney advised the defendants that it was his opinion that the matter should be submitted to the grand jury, and accordingly he caused a subpœna to be issued and served upon the defendants and other witnesses, requiring them to appear and testify before the grand jury in September, 1915. This resulted in the finding of the indictment complained of in the complaint herein.

The suppression of arson and investigation of the cause, origin and circumstances of fires and the enforcement of the laws in relation thereto, are made duties of the state fire marshal, his assistants and deputies, by section 5130, G. S. 1913. In investigating the circumstances of the fire, transmitting a copy of the testimony taken by that department and suggesting the submission to the grand jury, the fire marshal was acting clearly within the scope of his official duty. Based upon such report and his own investigation, the county attorney not only advised the presentation of the matter to the grand jury, but caused the attendance of the witnesses who gave testimony in the matter. Under these circumstances it can hardly be said that the defendants

or either of them instituted the prosecution without probable cause, before the grand jury that returned the indictment, in such a sense as to render them liable in damages. While it is true that defendants made complaint to both the fire marshal and the county attorney, there is no showing or suggestion that they failed to make a full and complete disclosure of all the facts and circumstances within their knowledge concerning the matter.

It is not necessary to here review the further testimony offered upon the trial, bearing upon the conduct and whereabouts of the plaintiff at the time of the fire, and as to statements in the nature of threats made by him prior thereto, which were current and had been communicated to the defendants as well as to the marshal and county attorney before the finding of the indictment.

The order appealed from is affirmed.